| | |
|---|---|
| Syngenta Seeds, LLC, | CIV. No. 20-1428-ECT-BRT |
| Plaintiff, | |
| | **DEFENDANTS JOSHUA SLEPER** |
| v. | **AND FARMER'S BUSINESS** |
| | **NETWORK INC.'S REQUEST FOR** |
| Todd Warner, Joshua Sleper, Farmer's | **JUDICIAL NOTICE IN SUPPORT OF** |
| Business Network, | **DEFENDANTS' MOTION TO** |
| | **DISMISS** |
| Defendants. | |

PLEASE TAKE NOTICE that pursuant to Federal Rule of Evidence 201, Defendants Joshua Sleper ("Sleper") and Farmer's Business Network, Inc. ("FBN") respectfully request that this Court take judicial notice of certain documents, submitted in support of Defendants' Motion to Dismiss Plaintiff Syngenta Seeds, LLC's ("Plaintiff" or "Syngenta LLC['s]") First Amended Complaint.

## I.     DOCUMENTS FOR WHICH JUDICIAL NOTICE IS REQUESTED

The Defendants request judicial notice of the following documents, true and correct copies of which are attached to the Affidavit of Ryan Landes filed concurrently herewith.

1.     The Employment Agreement Concerning Confidentiality, Proprietary Rights and Restrictive Covenants between Defendant Todd Warner and Syngenta Seeds, Inc. ("Syngenta Inc."), dated December 12, 2012 and bearing Bates number SYNGENTA00000323.  (Attached as **Exhibit A** to the Landes Affidavit).

2. The Employment Agreement Concerning Confidentiality, Proprietary Rights and Restrictive Covenants (the "Employment Agreement") between Sleper and Syngenta Inc., dated July 26, 2013 and bearing Bates number SYNGENTA00000532. (Attached as **Exhibit B** to the Landes Affidavit).

3. FBN's Objections and Responses to Syngenta LLC's Subpoena to Produce Documents. (Attached as **Exhibit C** to the Landes Affidavit).

4. Sleper's Objections and Responses to Syngenta LLC's Subpoena to Produce Documents. (Attached as **Exhibit D** to the Landes Affidavit).

5. Dan Dyer's Objections and Responses to Syngenta LLC's Subpoena to Produce Documents. (Attached as **Exhibit E** to the Landes Affidavit).

## II.    THESE DOCUMENTS ARE PROPERLY SUBJECT TO JUDICIAL NOTICE

As noted above, Defendants Sleper and FBN are seeking judicial notice of five documents, including the employment agreements referenced and quoted extensively in Plaintiff's First Amended Complaint, and responses to three subpoenas Syngenta LLC served on FBN and its employees before filing the First Amended Complaint. For the following reasons, judicial notice of these documents is proper.

On a motion to dismiss, "courts are not strictly limited to the four corners of [a] complaint[]." *Dittmer Properties, L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013) (citing *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011)); *Shoemaker v. Cardiovascular Sys., Inc*., 2017 WL 1180444, at *7 (D. Minn. Mar. 29, 2017) (taking "judicial notice of the documents outlining [defendant's] internal

policies, which are contemplated by the Complaint"). Specifically, "courts additionally consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned, without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n. 3 (8th Cir. 2012) (internal quotation marks omitted).

Warner's and Sleper's employment agreements are properly subject to judicial notice because they are incorporated by reference in Plaintiff's First Amended Complaint. *See* Dkt. 38 ¶¶ 32-38. Indeed, the Court may take judicial notice of documents that are not attached to the pleadings if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim, as the agreements do for Plaintiff's complaint here. *Dittmer*, 708 F.3d at 1021 (approving consideration of documents "contemplated by or expressly mentioned in the complaint"). Nor can the authenticity of these agreements be reasonably questioned, given that Plaintiff produced them in this action.

Furthermore, the responses to Plaintiff's subpoenas are also properly subject to judicial notice. Plaintiff's First Amended Complaint references the documents produced in response to Syngenta LLC's subpoenas and, therefore, the responses and objections to Plaintiff's subpoenas should be considered because these documents are "contemplated by or expressly mentioned in the complaint." *Dittmer*, 708 F.3d at 1021; *Miller*, 688 F.3d at 931 n.3 (judicial notice appropriate for "items appearing in the record of the case"); *Piper Jaffray Cos., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 967 F. Supp.

1148, 1152 (D. Minn. 1997) ("[T]he Court may consider extra-pleading material necessarily embraced by the pleadings, such as copies of the underlying complaints, the policies themselves, and all documents they incorporate by reference."). Notably, Defendants do not seek judicial notice of the subpoena responses to contradict any of Plaintiff's allegations, but merely to illustrate that Plaintiff served subpoenas prior to filing its First Amended Complaint, that Defendants responded and agreed to produce documents, and that some of the produced documents are cited in the First Amended Complaint.

## III. CONCLUSION

For the foregoing reasons, the Court should take judicial notice of (1) the employment agreement between Warner and Syngenta Inc.; (2) the employment agreement between Sleper and Syngenta Inc.; (3) FBN's Objections and Responses to Syngenta LLC's Subpoena to Produce Documents; (4) Sleper's Objections and Responses to Syngenta LLC's Subpoena to Produce Documents; and (5) Dan Dyer's Objections and Responses to Syngenta LLC's Subpoena to Produce Documents, copies of which are attached as Exhibits A, B, C, D, and E, respectively, to the Declaration of Ryan Landes submitted herewith.

DATED: November 30, 2020      By   /s/ *Claude M. Stern*

QUINN EMANUEL URQUHART &
SULLIVAN LLP
Claude M. Stern (*pro hac vice*)
Kaitlin E. Keohane (*pro hac vice*)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000

claudestern@quinnemanuel.com
kaitlinkeohane@quinnemanuel.com

Ryan Landes (*pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
ryanlandes@quinnemanuel.com

LATHROP GPM
Loren Hansen (#387812)
500 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 632-3389
loren.hansen@lathropgpm.com

*Attorneys for Defendants Joshua Sleper and*
*Farmer's Business Network, Inc.*